IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Zachary Zuber, <br><br> Plaintiff, <br><br> vs. <br><br> The Goodyear Tire & Rubber Company, <br><br> Defendant. | C/A No. 3:19-cv-0015-CMC <br><br><br> Opinion and Order <br> Denying Motion to Remand |

Plaintiff, a South Carolina citizen, sued Defendant, a corporation organized under the laws of Ohio and with its principal place of business in Ohio, for negligence, recklessness, and breach of warranties related to work done on the tires of Plaintiff's vehicle. ECF No. 1-1. Plaintiff originally filed this action in the Court of Common Pleas, Lexington County, South Carolina, on November 28, 2018. *Id.* Defendant was served on December 3, 2018. On January 2, 2019, Defendant removed the action based upon diversity jurisdiction. ECF No. 1. It alleged the amount in controversy requirement was satisfied because Plaintiff refused to sign a stipulation limiting his damages to less than $75,000, and because Plaintiff alleged actual and punitive damages based on his "great injury." *Id.* at 3-4.

Almost nine months later, on August 30, 2019, Plaintiff filed a motion to remand in which he stipulated that the amount in controversy does not exceed $75,000.00. ECF No. 29. Defendant filed an opposition, arguing it satisfied the removal requirements, including amount in controversy, at the time of removal, and that Plaintiff's post-removal stipulation, days before Plaintiff's scheduled deposition, does not defeat jurisdiction. ECF No. 30. It argues Plaintiff's stipulation is not a mere clarification of damages, but an "improper attempt to avoid federal jurisdiction by

amending damages at the eleventh hour." *Id.* at 3. Defendant asserts that because at the time the Complaint was filed and removed to this court the amount in controversy reasonably exceeded $75,000, Plaintiff's post-removal stipulation cannot destroy this court's subject matter jurisdiction.

Plaintiff filed a reply, arguing the court lacks subject matter jurisdiction and the case should be remanded because the initial complaint "was not removable," but "Plaintiff could not have known that at the time." ECF No. 31 at 2. Plaintiff asserts he was uncertain about his need for future treatment and therefore the extent of monetary damages, but now it has been determined he does not need additional medical care and so his damages "will not exceed the $75,000 threshold." *Id.* at 2-3. He further notes he has not sought to amend the Complaint,[1] and is not forum shopping, but merely reviewed new evidence provided in discovery and realized he would not need future medical treatment, so is now able to stipulate to damages less than $75,000. *Id.* at 3-4.

The court notes that the removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. *Mulcahey v. Columbia Organic Chem Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Jurisdiction is determined at the time of removal, and the burden is on Defendant to prove a case was properly removed. *Porsche Cars of North America, Inc. v. Porsche.net,* 302 F.3d 248, 255-56 (4th Cir. 2002) ("[I]t is black letter law that the conditions that create diversity jurisdiction . . . need not survive throughout the life of the litigation. Rather, a court determines the existence of diversity jurisdiction at the time the action is filed, regardless of

---

[1] While Plaintiff may not have sought to amend the amount of damages pled in his Complaint, he has filed both an Amended Complaint (ECF No. 12) and a Second Amended Complaint (ECF No. 14).

2

later changes in originally crucial facts such as the parties' citizenship or the amount in controversy.").

The court finds the amount in controversy reasonably exceeded $75,000 at the time Plaintiff filed his Complaint and Plaintiff's post-removal stipulation does not destroy this court's subject matter jurisdiction. A plaintiff in such an action may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a). *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938); *Covington v. Syngenta Corp.*, 225 F. Supp. 3d. 384, 389 (D.S.C. 2016) (denying remand because Plaintiff's stipulation, filed seven months after removal, was "a post-removal to defeat jurisdiction, prohibited by *St. Paul Mercury*, 303 U.S. at 292.").

Plaintiff's original Complaint, at the time of removal, did not specify an amount of damages, but requested "actual damages and punitive damages in an amount to be determined by the tryer of fact." ECF No. 1-1 ¶ 31. The Prayer for Relief noted Plaintiff "sustained serious injury, pain and suffering and emotional distress . . . Plaintiff has incurred and will continue to incur medical expenses related to his injuries resulting from this accident." *Id.* at ¶¶ 30-31. Although a sum certain was not requested by Plaintiff in the Complaint, Plaintiff admits declining to stipulate to damages less than $75,000, as requested by Defendant prior to removing this action. ECF Nos. 31; 31-1. Plaintiff now argues he is aware his damages will be less than $74,999 as he does not require further medical care.

It is clear Plaintiff did not want to and did not limit his potential recovery to under $75,000 at the time of removal. Based on Plaintiff's allegations, the removal was therefore proper, and this court has jurisdiction over the case. A stipulation filed along with a motion to remand, nine months after the case was removed, is too late. The absence of a specifically pled dollar amount does not necessarily mean the amount in controversy is indeterminate from the face of the complaint. In this case, where Plaintiff pled actual damages from a dangerous accident leading to "serious injury, pain and suffering and emotional distress," in addition to punitive damages, it is reasonable to conclude the amount requested was over the jurisdictional threshold.

Because the parties in this case are diverse and at the time the Complaint was filed and removed to this court the amount in controversy reasonably exceeded $75,000, the court concludes that it has subject matter jurisdiction over this case.

Accordingly, Plaintiff's motion to remand is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
September 17, 2019