IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Zachary Zuber,<br><br>    Plaintiff,<br><br>v.<br><br>The Goodyear Tire & Rubber Company,<br><br>    Defendant. | C/A No. 3:19-cv-0015-CMC<br><br>Opinion and Order Granting<br>Motion for Summary Judgment |

Plaintiff, Zachary Zuber ("Plaintiff"), brings this action against Defendant The Goodyear Tire & Rubber Company ("Goodyear"), claiming negligence, recklessness, and breach of warranty in servicing Plaintiff's vehicle, allegedly causing an accident. *See* ECF No. 14, Sec. Am. Compl.[1] The matter is before the court on Defendant's motion for summary judgment, filed October 7, 2019. ECF No. 33. Plaintiff filed a response in opposition (ECF No. 34) and Goodyear filed a reply (ECF No. 35). For the reasons set forth below, the motion is granted.

### BACKGROUND[2]

This case arises out of a single car accident that occurred on September 12, 2017, when Plaintiff was driving his 1990 Ford Bronco. ECF No. 14 at ¶ 12. Plaintiff alleges the left rear tire "disengaged and came off of the vehicle," causing Plaintiff to lose control of the vehicle, which flipped, causing him injury. *Id.* at ¶¶ 12-13.

---

[1] Plaintiff's Complaint was originally filed in state court, but removed to this court by Defendant. Plaintiff filed a Second Amended Complaint on January 16, 2019. ECF No. 14.

[2] The facts are presented in the light most favorable to Plaintiff. *See* Standard, *infra*.

On September 7, 2017, five days before the accident, Plaintiff had Goodyear install a new set of wheels and tires, provided by Plaintiff, on the Bronco. *Id.* at ¶ 9; ECF No. 33-1 at 6 (Plaintiff dep. at 56:11-22). Plaintiff alleges Goodyear "failed to properly install the tires," leading to the accident on September 12, 2017. *Id.* at ¶¶ 11, 15.

**STANDARD**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or
>
> (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

**DISCUSSION**

Goodyear has moved for summary judgment, arguing Plaintiff has not made an adequate showing that Goodyear breached a duty or that its breach proximately caused his injury. ECF No. 33. Specifically, Goodyear argues Plaintiff impermissibly relies on *res ipsa loquitur*, and cannot show Goodyear caused the accident or injury. *Id.* at 11. Goodyear also asserts work was done on the vehicle after Goodyear changed the wheels and tires, by someone who removed the tires and wheels. *Id.* at 13. Finally, Goodyear contends summary judgment should be granted as to punitive damages even if it is not granted on liability. *Id.* at 14.

In his response, Plaintiff argues summary judgment should be denied because he relies on circumstantial evidence, not *res ipsa loquitur*, to prove his claims. ECF No. 34. Plaintiff contends there are two questions vital to his case: did the tire disengage, and is there any evidence the tire coming off was due to Goodyear's negligence. *Id.* at 3. He asserts he provides direct and circumstantial evidence for both questions. On the second, he points to deposition testimony indicating the "lug nuts were torqued by the Defendant a mere five days prior to the accident by an employee with no prior mechanical experience." *Id.* at 5. In addition, he argues there is a "complete lack of evidence" the Good-to-Go program touted by Goodyear was adequately performed, and notes there is still an issue of fact as to whether the lug nuts were torqued properly even if the program was followed and two mechanics checked the torque of each lug nut. *Id.* at 7.

On reply, Goodyear distinguishes between *res ipsa loquitur* and circumstantial evidence, and argues Plaintiff "has not relied on adequate circumstantial evidence for the purpose of proving negligence in this case." ECF No. 35. Specifically, it contends Plaintiff has failed to produce evidence as to what alleged human act caused the tire to disengage, as he has no evidence Goodyear failed to properly torque the lug nuts on the tire – and Goodyear has provided direct evidence that they were properly torqued. *Id.* at 2, 4. It also contends Plaintiff does not dispute Goodyear's theory that someone removed and replaced the tires and wheels between the September 7 visit to Goodyear and the September 12 accident, based on the condition of the brake pads on September 7 and after the accident. *Id.* at 3.[3]

I. *Negligence*

"To establish a negligence cause of action under South Carolina law, the plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *J.T. Baggerly v. CSX Transp., Inc.*, 635 S.E.2d 97, 101 (S.C. 2006). Therefore, for a plaintiff to recover damages, he must prove by the greater weight or preponderance of the evidence not only the existence of injury but that it was caused by actionable negligence of the defendant. *King v. J.C. Penney Co.*, 120 S.E.2d 229, 230 (S.C. 1961).

This burden cannot be met by relying upon the theory that the thing speaks for itself, or that the very fact of injury indicates negligence. *Id.* In other words, although negligence can be proved by circumstantial evidence, South Carolina does not recognize the doctrine of *res ipsa*

---

[3] Plaintiff, however, testified he replaced the rear brake drums before the September 7 work was done by Goodyear, not after. ECF No. 33-1 at 16-17 (Plaintiff dep. at 102:25-104:22).

4

*loquitur*. The distinction is whether "the circumstances proved point merely to the physical cause of the occurrence, without having any tendency to indicate the responsible human agency, or, upon the other hand, have some tendency to indicate some fault or omission or commission upon the part of the defendant." *Eickhoff v. Beard-Laney*, 20 S.E.2d 153, 155 (S.C. 1942). If there is some tendency to indicate involvement by the defendant, then circumstantial evidence may be present; however, if only the physical cause is shown, the plaintiff relies on *res ipsa loquitur* to make his prima facie case of negligence. *Id.*

The court agrees with Plaintiff the two salient questions are: (1) did the tire disengage and cause the accident, as opposed to coming off during the accident, and (2) did any action or inaction by Goodyear cause the tire to come off. Although Goodyear disputes both points, the court finds Plaintiff has introduced sufficient evidence to survive summary judgment on the first question. He testified he specifically remembers feeling the rear-end of the Bronco sink down before he lost control and the Bronco flipped. ECF No. 33-1 at 11 (Plaintiff dep. at 77:10-12). He explained the tires "weren't regular tires. They were a little bit bigger tires. So if your rear-end – say you had a tire come off and your rear-end drops a foot to 14 inches, you would feel that, and I did." *Id.* (Plaintiff dep. at 77:1-5). This sinking feeling, combined with the fact that the tire did disengage from the Bronco, is evidence from which a jury could infer the tire came off leading to the accident.

However, Plaintiff has not raised a genuine issue of material fact as to the second question, as he has failed to submit evidence to support his claim that an act or omission by Goodyear was a cause of the accident or to rebut Goodyear's direct evidence regarding the tightening of the lug nuts. Goodyear has introduced evidence showing two technicians, Spoone and Werney, completed the "Good-to-Go" service certification, which specifically notes "the lug nuts are torqued according to vehicle manufacturer specifications." ECF No. 33-2 at 17. Both technicians initialed

the form, with Spoone performing the "Service Certification" and Werney the "One Over Certification." *Id.* In addition, Spoone testified he torqued the lug nuts in accordance with Goodyear policy to 100-foot pounds on each lug nut. ECF No. 33-2 at 4 (Spoone dep. at 16:25-19:2). He noted he was one hundred percent confident the torque on the lug nuts was proper when the Bronco left Goodyear on September 7, 2017. *Id.* at 11 (Spoone dep. at 66:8-13).

While Spoone testified he was unable to remember whether Werney went behind him and checked each lug nut on the Bronco, there is not a "complete lack of evidence Mr. Werner [*sic*] adequately performed his checks under the Good-to-Go program," as Plaintiff suggests - Goodyear has produced the certification form with Werney's initials. ECF No. 34 at 7. Plaintiff further argues even if Werney personally checked the torque of each lug nut, there would still be an issue of fact as to whether the lug nuts were torqued properly. *Id.* The court does not see how this is so. It is hard to imagine what further evidence Goodyear could produce to convince Plaintiff it properly serviced the Bronco, if contemporaneous documentation and deposition testimony do not. In addition, Plaintiff has failed to come up with any evidence to the contrary, relying on speculation that Spoone did not torque the lug nuts properly because he was an inexperienced mechanic. Here, Plaintiff slips into *res ipsa loquitur* territory by insisting Goodyear is at fault simply because the tire disengaged a few days after the visit to Goodyear.

As Plaintiff has failed to produce evidence on an issue on which he has the burden of proof at trial, and Goodyear has produced affirmative evidence to the contrary, summary judgment is appropriate on the negligence claim and it is **dismissed with prejudice**.

II.  *Remaining Claims*

Warranty causes of action also require a showing by plaintiff that there was a breach, and that breach caused the injury. See *First State Sav. & Loan v. Phelps*, 385 S.E.2d 821, 825 (S.C.

1989) (describing elements of breach of warranty as "the existence of the warranty, breach of the warranty by the failure of the goods to conform to the warranted description, and damages proximately caused by the breach."). Plaintiff does not advance any arguments specifically regarding his warranty claims in his response to Goodyear's summary judgment motion. In addition, as noted above, Plaintiff has failed to introduce evidence of any breach of warranty, as he has not put forward any evidence to show Goodyear's actions had any relation to the accident. Therefore, for the reasons above, Goodyear is entitled to summary judgment as to such claims.

## CONCLUSION

For the reasons set forth above, Goodyear's motion for summary judgment is granted. This matter is **dismissed with prejudice** in its entirety.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
November 7, 2019